# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) CR 12-266 |
| | ) |
| SAMUEL COLE, | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Samuel Cole's Motion For Reduction or Modification of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2); § 2B1.1 and §2B1.1(B)(2) of the United States Sentencing Guidelines [ECF 103]. The Government filed a response in opposition to the motion [ECF 105].

On April 29, 2014, Mr. Cole entered a plea of guilty to one count of mail fraud, in violation of 18 U.S.C. § 1341. Mr. Cole was subject to a base offense level of 7 under U.S.S.G. §2B1.1(a), but received a sixteen level enhancement for loss amount under U.S.S.G. §2B1.1(b)(1)(H), a six level enhancement for the number of victims under U.S.S.G. §2B1.1(b)(2)(A), and a four level enhancement for his organizer and leadership role under U.S.S.G. § 3B1.1(a). He also received a three level deduction for acceptance of responsibility, resulting in a total offense level of 30 and a criminal history category of III. Mr. Cole was sentenced on September 30, 2014, to 84 months of imprisonment.

On November 1, 2015, the Sentencing Commission amended the fraud loss table which provided the basis for Mr. Cole's sixteen level enhancement under §2B1.1(b)(1)(H). See Amendment 791. By way of this Motion, Mr. Cole is asking this Court to apply the amended

fraud loss table to his case. This is not possible because the Sentencing Commission did not make the amendment retroactive.

More specifically, U.S.S.G. § 1B1.10(d) lists the "covered amendments" that were made retroactive and eligible for motions under 18 U.S.C. § 3582(c). Amendment 791, which altered the fraud loss table is not listed. It is well established that where the Sentencing Commission has not made a guidelines amendment retroactive, a defendant may not obtain relief under Section 3582(c). See, e.g., United States v. Wise, 515 F.3d 207, 220 (3rd Cir. 2008). This Court has no jurisdiction to lower a sentence under 18 U.S.C. § 3582(c)(2) if the sentence was based on a Guideline range that was not subsequently lowered and made retroactively applicable to prior final judgments. Furthermore, the Court is unaware of any other basis upon which Mr. Cole could otherwise qualify for a reduction or modification of his sentence. For these reasons, Mr. Cole's Motion must be denied. An appropriate Order follows:

## **ORDER**

AND NOW, this 5th day of May, 2016, it is hereby ORDERED, ADJUDGED, AND DECREED that Defendant's Samuel Cole's Motion For Reduction or Modification of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2); § 2B1.1 and §2B1.1(B)(2) of the United States Sentencing Guidelines [ECF 103] is DENIED.

Maurice B. Cohill, Jr.
Senior United States District Judge