# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) CR 12-266 |
| | ) |
| SAMUEL COLE, | ) |
| | ) |

## OPINION AND ORDER

Pending before the Court is Defendant Samuel Cole's Motion For Reduction or Modification of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2); § 2B1.1 and §2B1.1(b)(2) of the United States Sentencing Guidelines [ECF 103]. The Government filed a response in opposition to the motion [ECF 105] on April 18, 2016. Defendant filed a Response to the Government's Response In Opposition to Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [ECF 110] on June 16, 2016. This matter now is ripe for disposition.

On April 29, 2014, Mr. Cole entered a plea of guilty to one count of mail fraud, in violation of 18 U.S.C. § 1341. Mr. Cole was subject to a base offense level of 7 under U.S.S.G. §2B1.1(a), but received a sixteen level enhancement for loss amount under U.S.S.G. §2B1.1(b)(1)(H), a six level enhancement for the number of victims under U.S.S.G. §2B1.1(b)(2)(A), and a four level enhancement for his organizer and leadership role under U.S.S.G. § 3B1.1(a). He also received a three level deduction for acceptance of responsibility, resulting in a total offense level of 30 and a criminal history category of III. Mr. Cole was sentenced on September 30, 2014 to 84 months of imprisonment.

On November 1, 2015, the Sentencing Commission amended §2B1.1 ("Amendment 791"). See Amendment 791 to the Guidelines. By way of this Motion, Mr. Cole is asking this Court to reduce his sentence by applying Amendment 791 to his case.

18 U.S.C. § 3582(c)(2) provides in relevant part:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that—
>
> . . .
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C.A. § 3582 (West). Section 1B1.10 of the Guidelines sets forth the Commission's policy statement for implementation of § 3582 and states in relevant part:

> (a) Authority.—
>
> (1) In General.--In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) **Exclusions.--A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if—**
>
> (A) **None of the amendments listed in subsection (d) is applicable to the defendant**; or
>
> (B) An amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.
>
> . . .

(d) **Covered Amendments.**--Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, 715, 750 (parts A and C only), and 782 (subject to subsection (e)(1)).

U.S.S.G. § 1B1.10 (emphasis added). Applying 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10 to this case, Amendment 791is not listed in U.S.S.G. §1B1.10(d) and therefore, we lack authority to reduce Defendant's sentence under 18 U.S.C. §3582(c)(2) based upon Amendment 791 because such a reduction would not be "consistent with applicable policy statements issued by the Sentencing Commission." For that reason, regardless of Defendant's admirable rehabilitation efforts, see Defendant's Motion, ¶¶ 9-10, Defendant's Motion must be denied. An appropriate Order follows:

## ORDER

AND NOW, this 21st day of June, 2016, it is hereby ORDERED, ADJUDGED, AND DECREED that Defendant's Samuel Cole's Motion For Reduction or Modification of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2); § 2B1.1 and §2B1.1(B)(2) of the United States Sentencing Guidelines [ECF 103] is denied.

*Maurice B Cohill Jr.*
Maurice B. Cohill, Jr.
Senior United States District Judge

3